# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **SHAWN KIRBY** ) <br> **1114 SUNFORD AVENUE SE** ) <br> **NORTH CANTON, OH 44720** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> -vs- ) <br> ) <br> **J & M ROOFING LLC** ) <br> **3085 NORSE ROAD** ) <br> **MECHANICSTOWN, OH 44651,** ) <br> ) <br> and ) <br> ) <br> **JONATHAN MILLER** ) <br> **3085 NORSE ROAD** ) <br> **MECHANICSTOWN, OH 44651,** ) <br> ) <br> **Defendants.** ) <br> ) | **CIVIL ACTION** <br><br> **JUDGE** <br><br><br> **COMPLAINT** <br><br> **(Jury Demand Endorsed Hereon)** |

The Plaintiff, Shawn Kirby ("Plaintiff"), by and through the undersigned counsel brings this action against Defendant J & M Roofing LLC (hereinafter "Defendant J&M") and Jonathan Miller (hereinafter "Defendant Miller") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, *et seq*., the statutes and common law of the State of Ohio. Plaintiff alleges and complains as follows:

## INTRODUCTION

1. This case is filed on the basis of the Defendants' policies and practices that are in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201-§219. This case

is further filed on the basis of a violation of the Ohio Revised Code §4112.02, §4111.10 and §4113.15.

## JURISDICTION AND VENUE

2. Plaintiff incorporates by reference herein the allegations contained in paragraph 1, inclusive herein above

3. The Court has federal question jurisdiction over this lawsuit pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. §1367 because these claims are so related to the FLSA claims as to form part of the same case or controversy.

5. Venue is proper in this forum pursuant to 28 U.S.C. §1391, as all, or a substantial part of, the events or omissions giving rise to the Plaintiff's claims occurred within this court's jurisdiction.

## PARTIES

6. Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 5, inclusive herein above.

7. The Plaintiff is a resident of Stark County over the age of 18 and subject to the jurisdiction of this Court.

8. Defendant J&M is an Ohio Limited Liability Company and with a principal place of business in Carroll County, Ohio and is subject to the jurisdiction of this Court.

9. Defendant Miller is a resident of Carroll County over the age of 18 who, upon information and belief, is the sole member of Defendant J&M and subject to the jurisdiction of this Court.

10. The two Defendants are joint employers for purposes of this lawsuit under the FLSA and Ohio act and any revenues generated by the two Defendants should be aggregated as one entity.

11. Defendant Miller has and had a significant ownership interest in Defendant J&M during the relevant time period of this Complaint, had personal responsibility for the decisions that led to the Plaintiff's damages, supervised and controlled the Plaintiff's work schedule, maintained employment records for Defendant J&M and had significant control over the day-to-day operations of Defendant J&M at all relevant times to this Complaint.

## ALLEGATIONS

12. Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 11 inclusive herein above.

13. At all times, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d) and O.R.C. §4111.01, *et seq*.

14. At all times relevant, Plaintiff was an "employee" within the meaning of 29 U.S.C. §203(e), O.R.C. 4111.01, *et seq*. and Article II, §34(a) of the Ohio Constitution.

15. At all times relevant hereto, Defendants had annual sales in excess of $500,000.00 and were an enterprise within the meaning of 29 U.S.C. §203(r) and O.R.C. §4111.01, *et seq*.

16. At all times relevant hereto, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1).

17. At all times relevant hereto, the Defendants failed to properly characterize the Plaintiff as an employee of Defendants and incorrectly paid him as an independent contractor. Further, Defendants failed to pay the Plaintiff overtime as required by law, as the Plaintiff was not properly exempt from time-and-a-half overtime compensation.

18. The Plaintiff began his employment with the Defendants on or about February 11, 2019 and was paid as an independent contractor the amount of $550.00 per week. On or about May 9, 2019, Plaintiff received an increase to the amount of $780.00 per week. The Defendant's discharged the Plaintiff employment on October 31, 2019.

19. Defendants did not have a time clock or keep track of the Plaintiff's hours worked during his employment with the Defendants. Plaintiff's job title was "Customer Service Representative" and "Sales Specialist," along with many other duties as well, though his primary duty never was remotely close to any sales position.

20. Defendants closely monitored and controlled all aspects about how Plaintiff was performing his job duties while he was employed with the Defendants. Plaintiff's work hours, to the best of his recollection, were 7 am to 6 pm - Monday through Friday for a total of 55 hours a week plus Saturdays from 8 am to 3 pm for a total of 7 hours per week and would work 1.25 hours each Sunday per week. The Plaintiff's regular workweek for purposes of overtime was Saturday through Sunday.

21. The Plaintiff averaged 22 hours overtime per week during his employment whereby the Defendants owe the Plaintiff $23,350.13 of base overtime pay plus liquidated

4

damages of $23,350.13, totaling $46,700.26. Plaintiff's job involved engaging in interstate commerce on a regular basis.

22. Defendants paid for job training and tools for the Plaintiff to be prepared to perform his jobs with the Defendants, including training for metal roofing systems and a business seminar. The Plaintiff also had a Defendant J&M business card provided to him by the Defendants which included an e-mail address kirbyshawn@jmroofingsystems.com.

23. Defendants dictated to the Plaintiff how he performed his job in numerous facets of the Plaintiff's job, including how to canvas new leads and cold calling networking. Defendants required the Plaintiff to accompany Defendant Miller at potential client's homes to learn how to perform portions of his job duties for his job position.

24. Plaintiff's primary job duty was labor intensive and was not sales or office based.

25. It is undisputed that the Defendants did not keep the Plaintiff's hours on a regular workweek basis. Thus, it is impossible based on existing records to conclusively determine how many hours per week the Plaintiff worked during his employment with the Defendants.

26. Defendants willfully engaged in a scheme to deprive the Plaintiff of his overtime compensation.

27. Plaintiff's primary duty was not managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise, as defined and required by the FLSA.

28. Plaintiff did not have the authority to hire or fire other employees, and the Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion or

any other change of status of other employees was not given particular weight by the Defendants, as defined and required by the FLSA.

29. Plaintiff did not customarily or regularly supervise the work of two (2) or more employees nor was Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees given any particular weight whatsoever.

30. Plaintiff's primary duty was not making sales (as defined by the FLSA) or obtaining orders/contracts for services of or for use of facilities for which consideration was paid by the customer, and the Plaintiff was not customarily and regularly engaged away from the employer's place of business.

31. As a result of the foregoing, Plaintiff does not qualify for the executive, outside sales or administrative exemption of the FLSA.

32. The FLSA requires employers to create and keep precise time records of all times worked by employees such as the Plaintiff as well as his records of wages and employment practices and such time records do not exist. Absent the Defendants keeping such records, the Plaintiff is permitted to submit his information about the number of hours worked and Plaintiff estimates $23,350.13 in base overtime, plus liquidated damages and attorney's fees/costs.

## COUNT I

### Violation of the Fair Labor Standards Act ("FLSA")

33. The Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 32 inclusive herein above.

34. Defendants are employers covered by the overtime requirements set forth in the FLSA and Plaintiff was a non-exempt employee for purposes of 29 U.S.C. §207.

35. During the relevant time periods set forth in this Complaint, Defendants violated the FLSA with respect to the Plaintiff by failing to pay Plaintiff the legally mandated overtime premium for all hours worked in excess of forty (40) hours per workweek and not properly characterizing the Plaintiff as an employee of the Defendants.

36. Plaintiff does not qualify for an exemption from the overtime obligations under the FLSA.

37. During the entirety of Plaintiff's employment with the Defendants, Defendants knew that Plaintiff was not exempt from overtime obligations imposed by the FLSA and Defendants willfully withheld and failed to properly pay overtime compensation despite such knowledge and failed to characterize the Plaintiff as an employee.

38. The exact amount of compensation, including overtime compensation that Defendants have failed to pay Plaintiff is not known at this time, as many of the records necessary to make such calculations are in Defendants' possession (or not kept by the Defendants), but Plaintiff estimates at $23,350.13 in base overtime, and with liquidated damages, a total of $46,700.26 due and owing to Plaintiff.

39. No time records exist for Plaintiff and Plaintiff has set forth his best estimate of the hours worked by him for all time periods.

40. Defendants' failure to pay Plaintiff overtime is not based on good faith or any other reasonable grounds.  Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to liquidated damages in an amount equal to the compensation and/or overtime he has not already been paid.

41. Plaintiff has been required to file this action as a result of Defendants' illegal actions of failing to pay Plaintiff the proper compensation. As such, Plaintiff is entitled to attorney fees and costs incurred pursuant to 29 U.S.C. §216(b) in addition to at $23,350.13 in base overtime, and with liquidated damages, a total of $46,700.26 due and owing to Plaintiff.

## COUNT II

### O.R.C. §4113.15 and §4113.99 Violations

42. Plaintiff incorporates by reference herein the allegations contained in paragraphs 1 through 41, inclusive herein above.

43. Plaintiff was improperly characterized as an independent contractor by the Defendants during his employment with the Defendants.

44. No time records exist for Plaintiff during his employment with the Defendants for his regularly scheduled workweek and thus it is impossible to determine how many overtime hours he worked.

45. The Defendants have failed to properly pay Plaintiff his semimonthly payment of wages in accordance with §4113.15 of the Ohio Revised Code, because proper overtime wages have not been paid to Plaintiff in a timely manner. As a result, six (6) percent of the amount owed to the Plaintiff should be paid by the Defendants as liquidated damages.

46. As a result of the foregoing, Plaintiff is due $23,350.13, plus $23,350.13 as liquidated damages, totaling $46,700.26, plus statutory interest, plus six percent liquidated

damages of amounts owed to the Plaintiff that are greater than thirty (30) days overdue from the scheduled payday.

*WHEREFORE*, Plaintiff requests the following relief against Defendants, jointly and severally:

1. On Count I, judgment in favor of the Plaintiff against the Defendants for the amounts set forth in this Complaint in excess of Twenty-Five Thousand and 00/100 Dollars ($25,000.00) to the Plaintiff, plus liquidated damages, attorney fees, interest and costs to the Plaintiff;

2. On Count II, judgment in favor of the Plaintiff against the Defendants for the amounts set forth in this Complaint in excess of Twenty-Five Thousand and 00/100 Dollars ($25,000.00) to the Plaintiff, plus liquidated damages, attorney fees, interest and costs to the Plaintiff; and

3. Grant to the Plaintiff such other and further relief to which the Plaintiff may be entitled

Respectfully Submitted,

**LAW OFFICE OF JAMES J. COLLUM, LLC**

By: /s/ James J. Collum
James J. Collum (#0070985)
4740 Belpar Street NW, Suite C
Canton, OH 44718
Phone: (330) 494-4877
Fax:    (330) 546-0667
e-mail: jcollum@collumlawoffice.com

Attorney for the Plaintiff Shawn Kirby

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all counts of this Complaint.

                                                                   /s/ James J. Collum
                                          James J. Collum (#0070985)

                                          Attorney for the Plaintiff Shawn Kirby

C:219-2364.complaint.9.4.19