UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN KIRBY, | ) | CASE NO. 5:19-cv-2936 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| J&M ROOFING, LLC, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Now before the Court is the parties' Joint Motion for Approval of Settlement. (Doc. No. 11 ["Joint Motion"]; *see* Doc. No. 12 (Confidential Settlement Agreement and General Release ["Settlement Agreement"]) (Sealed). Because the Court finds that the settlement represents a fair resolution of plaintiff's claims, the Joint Motion is granted and the settlement is approved.

### I. BACKGROUND

Plaintiff Shawn Kirby ("Kirby") alleges that, between February 11, 2019 and October 31, 2019, he was employed by defendants in a variety of positions, including "Customer Service Representative" and "Sales Specialist." (Doc. No. 1 (Complaint ["Compl."]) ¶¶ 18-19.) According to Kirby, defendants failed to properly characterize him as an employee, and incorrectly paid him as an independent contractor. He further alleges that defendants failed to pay him overtime. (*Id.* ¶ 17.) In failing to properly compensate him, Kirby maintains that defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and Ohio Rev. Code §§ 4111.02, 4111.10, and 4113.15. Defendants deny that they violated the FLSA or

Ohio law, insisting that they properly characterized and compensated Kirby as an independent contractor. (*See generally* Doc. No. 5 (Answer).)

The parties have reached a settlement that resolves all of Kirby's claims. On April 28, 2020, the parties filed the present Joint Motion.

II. **APPLICABLE LAW**

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cty. Gov.*, No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)*; Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc.*, 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id*.

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours,

and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, & Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the divergent views of the facts and the law presented bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury. The Joint Motion confirms the same. As set forth above, the parties disagree as to whether Kirby was properly compensated for any and all time worked, or whether he was an independent contractor and, therefore, not entitled to the claimed compensation.

Having reviewed the terms of the Settlement Agreement, the Court finds that the settlement represents a fair and reasonable resolution to bona fide disputes. Further, the Court

notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion.

With respect to the monetary award to Kirby, while the amount Kirby shall receive is less than he claims he is owed, the parties agree that defendants have come forward with documentation that calls into question his entitlement to any overtime pay. As for the award of attorney's fees to Kirby's counsel, the Court finds that the award is reasonable, taking into consideration the fact that a settlement was reached early in the litigation. While the Court is not in a position to assess the likelihood of success on the merits, as the case was still in the early stages when settlement was reached, the Court finds that the other relevant factors weigh in favor of approving the settlement.

## IV. CONCLUSION

For all of the foregoing reasons, the Court approves the settlement. The claims in Kirby's complaint are dismissed with prejudice, and this case is closed.

**IT IS SO ORDERED**.

Dated: May 13, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**